IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MWAMBA M. RUFFIN,<br># B72799,<br><br>      Plaintiff,<br><br>vs.<br><br>JOHN BALDWIN,<br>KEVIN KINK,<br>DEEDEE BROOKHART,<br>DENSMOORE,<br>DAVID VAUGHN,<br>T. KITTLE,<br>LAWRENCE CC, and<br>IDOC,<br>      Defendants. | Case No. 18-cv-1774-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for consideration of Plaintiff's Response (Doc. 8) to the Court's Order to Show Cause (Doc. 7) why this case should not be dismissed for filing a fraudulent *in forma pauperis* motion ("Second IFP Motion") (Doc. 6). The Court finds Plaintiff's Response sufficient to discharge the Court's Order to Show Cause.

## Background

Plaintiff Mwamba M. Ruffin, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by officials at Lawrence. (Doc. 1). In addition to the Complaint, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis* ("First IFP Motion") (Doc. 2), using this Court's standard IFP form, and a trust fund account statement for the six months leading up to the filing of this case.

1

Unfortunately, Plaintiff failed to answer most of the questions on the IFP form. Accordingly, it was denied as incomplete, and he was ordered to file a properly completed IFP motion or pay the full filing fee. *Id.*

On October 16, 2018, Plaintiff another IFP motion ("Second IFP Motion") (Doc. 6). The Second IFP Motion also was accompanied by a trust fund account statement for the relevant time period. *Id.* In the Second IFP Motion, Plaintiff represented, under penalty of perjury, that he is indigent and unable to afford the $400 filing fee for this action, and he requested leave to proceed as a poor person without prepaying the full filing fee. Specifically, Plaintiff stated that he had $0.96 in his checking account. (Doc. 6, p. 3). Plaintiff also responded "No" to the following question:

> **3. Other Income. In the past 12 months, I have received income from the following sources (check all that apply):**
> **(a) Business, profession, or other;**
> **(b) Rent payments, interest, or dividends;**
> **(c) Pension, annuity, or life insurance payments;**
> **(d) Disability or worker's compensation;**
> **(e) Gifts or inheritances;**
> **(f) Any other sources**

(Doc. 6, p. 2).

The trust fund account statement attached to the Second IFP Motion confirmed that, as of October 12, 2018, Plaintiff had $0.96 in his account.[1] It also revealed, however, that he received $4,425.66 in deposits in the six months leading up to the filing of this case, including a $3,500.00 deposit on April 16, 2018 (settlement funds), a $300.66 deposit on June 8, 2018 (settlement funds), and several hundred dollars in deposits from friends and family. (Doc. 6, pp. 5-6).[2]

As noted above, in his Second IFP Motion, Plaintiff denied receiving income from "any other sources" and did not otherwise disclose these deposits. Accordingly, the Court entered an

---

[1] At the time of filing, Plaintiff had $96.55 in his account. (Doc. 2, p. 4).
[2] The trust fund account statement attached to Plaintiff's original IFP Motion provided the same information.

2

order denying Plaintiff's IFP Motion and requiring him to show cause why this case should not be dismissed because of his failure to disclose this financial information in the Second IFP Motion. (Doc. 7). Plaintiff filed his Response to the Show Cause Order on October 30, 2018, along with a third IFP Motion. (Docs. 8 and 9).

In his Response, Plaintiff confirms that he did receive the specified deposits. (Docs. 8 and 9). He states that he did not disclose "the monies he received from the settlements he received in other lawsuits [because] he forwarded that money to his elderly parents to help with their support, as he owed them for the monies that they provided to him with private counsel and money they sent to him while he was in prison." (Doc. 8, p. 1). He also indicates that he did not have help completing his IFP motions, misunderstood his disclosure obligations, and did not intentionally deceive the Court. (Docs. 8 and 9).

## Discussion

*Overview*

Litigants who cannot afford the filing fee for a federal case may still file a lawsuit, so long as they submit an affidavit swearing to their inability to pay. *See* 28 U.S.C. § 1915(a)(1). The affidavit serves an important purpose: "Proceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay." *Lofton v. SP Plus Corp.*, 578 F. App'x. 603, 604 (7th Cir. 2014). To protect against abuses of this privilege, the statute requires courts to dismiss an action "at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). If the allegation of poverty is untrue, dismissal is mandatory. *See*, e.g., *McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 502 (7th Cir. 2008); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998) (per curiam). Thus, if the Court were to find that Plaintiff's

allegation of poverty is false, it would have "no choice" but to dismiss his Complaint; the only question would be whether to dismiss with or without prejudice. *Thomas*, 288 F.3d at 306. Additionally, "an inmate who attempts to evade paying fees may forfeit the privilege of proceeding IFP so as not to profit from his deception." *Miller v. Hardy*, 497 F. App'x 618, 621 (7th Cir. 2012) (citations omitted). *See also Lofton,* 578 F. App'x. at 604.

*Mandatory Dismissal – When Required*

Under the statute's text, dismissal is only mandatory when a Plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Thus, the "trigger for mandatory dismissal is the falsity of the 'allegation' of 'poverty,' not the falsity of any one particular statement on the financial affidavit." *Chriswell v. Big Score Entm't, LLC, No. 11 C 00861,* 2013 WL 3669074, *4 (N.D. Ill. July 12, 2013). The Seventh Circuit has not directly addressed this distinction, but as the Northern District of Illinois recently observed, "its decisions do not demand otherwise, and have only addressed situations where a plaintiff's omissions turned out to be material to her financial status." *Id. See e.g.*, *Kennedy v. Huibregtse*, 831 F.3d 441 (7th Cir. 2016) (upholding sanction of dismissal with prejudice where inmate concealed $1,400 by having a friend create a trust account for him outside of the prison); *Thomas*, 288 F.3d at 306–07 (upholding sanction of dismissal with prejudice where plaintiff omitted from IFP application that he would be receiving more than $50,000 from retirement account); *Mathis*, 133 F.3d at 547 (upholding dismissal with prejudice where plaintiff failed to disclose $14,000 of equity in house and falsely stated that he was not represented by appointed counsel in other litigation).

And at least two non-precedential Seventh Circuit decisions suggest that immaterial omissions do not require dismissal. *See, e.g.*, *Holly v. Wexford Health Servs., Inc.*, 339 F. App'x 633, 636 (7th Cir. 2009) (stating that the district court, even after learning that plaintiff may have

4

made false statements in his IFP petition, still had a responsibility to first determine the truth of plaintiff's allegation of poverty before dismissing his case); *Torain v. Ameritech Advanced Data Servs. of Ill., Inc.*, 319 F. App'x 433, 435 (7th Cir. 2009) ("Section 1915(e)(2)(A) requires dismissal if these omissions were *material*." (emphasis added) (citations omitted)).

Finally, other circuit courts have reached the same conclusion. *See Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (holding that the statute "does not mandate that the district court dismiss [a plaintiff's] claim if it finds that certain assertions in his affidavit are untrue; instead, it requires the district court to dismiss the claim if it finds that [the plaintiff] is not sufficiently poor to qualify for *in forma pauperis* status given the facts that are true"); *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2nd Cir. 2012) (emphasizing that Section 1915 serves to weed out litigants who falsely understate their net worth to obtain IFP status, but does not require dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith (citations omitted)); *Matthews v. Gaither*, 902 F.2d 877. 881 (11th Cir. 1990) (stating that the purpose of 28 U.S.C. S 1915(d), the pre–PLRA version of Section 1915(e)(2)(A), is "not to punish litigants whose affidavits contain insignificant discrepancies").

Here, Plaintiff's first and second IFP Motions did not disclose that he received approximately $4,425.00 in deposits (funds from two settlements and various deposits from friends and family) in the six months preceding the filing of this lawsuit.[3] At the time of filing, however, he had only $96.55 in his prison trust fund account. As the Seventh Circuit recently emphasized, regarding *pauper* status, the relevant inquiry is the inmate's finances at the time of filing:

> [plaintiff] argues that the district court erred by finding that he was not indigent despite the fact that he had very little income and insufficient funds in his trust account. We agree. An inmate litigant who spends his money on other things after filing a complaint may not proceed without paying the initial partial filing fee

---

[3] But these deposits were disclosed in the trust fund account statements that were filed contemporaneously with both his IFP motions.

assessed by the court, but [plaintiff] filed these suits months after spending the bulk of the cash gifts. The district court did not cite (and the appellees do not identify) any authority for the proposition that an inmate cannot be indigent simply because he had enough money to pay a filing fee at some point after his claim arose. The relevant inquiry is the state of the inmate's finances at the time of filing…Miller may have been shortsighted, and he may not have spent wisely if possible litigation was on the horizon. But that is why the statute penalizes spendthrifts by looking, when it's time to calculate an initial partial filing fee, not at the inmate's current account balance but at the higher of the average monthly balance or average monthly deposits for the six months before the lawsuit was initiated.

*Miller v. Hardy*, 497 F. App'x 618, 620-21 (7th Cir. 2012) (internal citations omitted). Thus, considering Plaintiff's account balance at the time of filing (and assuming he is not hiding the money in an undisclosed account), the subject omission does not rise to the level of an untrue allegation of poverty.

As to where the money went, Plaintiff states that he forwarded settlement money to his "elderly parents to help with their support, as he owed them for the monies that they provided to him with private counsel and money that they sent him while he was in prison." (Doc. 8, p. 1). Plaintiff's trust fund account statements confirm that he wrote two checks totaling $2,000.00 to Margo Ruffin (presumably his mother). It is possible that the transfer of money to Plaintiff's parents was something other than a bona fide gift, but currently the Court has no basis to discredit his claim, and without evidence to the contrary, accepts that he no longer controls these funds. *See Bentz v. Maue*, 702 F. App'x 461, 463 (7th Cir. 2017) (without taking evidence, the district court had no basis to discredit assertions pertaining to Plaintiff's IFP motion).

Further review of Plaintiff's trust fund account statements reveals that he spent the rest of the money on commissary items (approximately $2,071.00) and other miscellaneous items (approximately $443.29). Some might question whether Plaintiff's purchases were wise. As noted above, however, absent evidence of misconduct, the Seventh Circuit has cautioned against penalizing inmates who are spendthrifts *before* filing suit. *See Miller*, 497 F. App'x 618, 620-21

(7th Cir. 2012) (absent evidence of willful evasion, prisoner who depleted trust fund account before filing suit by purchasing items at the commissary was entitled to proceed IFP).

For these reasons, the Court finds that Plaintiff's omission does not constitute an untrue allegation of poverty and will not dismiss this action on that basis.

***Evasive or Deceptive Conduct***

Sanctions, including dismissal of this action, might also be appropriate if Plaintiff intentionally attempted to deceive the Court. *See Miller v. Hardy*, 497 F. App'x 618, 621 (7th Cir. 2012). For example, an inmate who "arranged for money that should have been in his prison trust account to be deposited in the account of another prisoner, where it would not be tapped to pay filing fees and other costs" engaged in evasive conduct, forfeiting the privilege of proceeding IFP. *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007). On the other hand, in *Hodges v. Ghosh*, 592 F. App'x 522 (7th Cir. 2015), the Seventh Circuit observed that it was unlikely an inmate who failed to disclose certain deposits in his IFP application was attempting to deceive the Court when "his IFP application was accompanied by the required records from his prison trust account showing [the deposits Plaintiff failed to disclose in his IFP Motion]."). *Hodges*, 592 F. App'x at 523.

Here, the Court notes that Plaintiff's First and Second IFP Motions did not disclose a substantial amount of money deposited into his account during the relevant time period. But both motions were accompanied by prison trust fund account statements that clearly revealed the subject deposits. Thus, although Plaintiff was not forthright in his IFP Motions, which the Court condemns, it is difficult to conclude that he deliberately attempted to conceal assets to obtain IFP status. Accordingly, the Court will not sanction Plaintiff on this ground.

That being said, the Court reminds Plaintiff that proceeding IFP is a privilege, and the Court relies on a litigant's honesty in reviewing IFP applications. Further, Plaintiff is warned that if the Court subsequently determines that his allegation of poverty at the time of filing was untrue or that he willfully deceived the Court, Plaintiff will be subject to sanctions, including dismissal of this action with prejudice, if appropriate.

## Disposition

For the reasons stated above, the Court finds Plaintiff's Response sufficient to discharge the Court's Order to Show Cause. Accordingly, Plaintiff's IFP Motion will be granted in a separate order of the Court.

**IT IS SO ORDERED.**

**DATED:  November 30, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**