IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MWAMBA M. RUFFIN,<br># B72799,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN BALDWIN,<br>KEVIN KINK,<br>DEE DEE BROOKHART,<br>DENSMOORE,<br>DAVID VAUGHN,<br>T. KITTLE,<br>LAWRENCE CORRECTIONAL<br>CENTER,<br>and ILLINOIS DEPARTMENT OF<br>CORRECTIONS,<br><br>    Defendants. | Case No. 18−cv−1774−NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

  Plaintiff Mwamba Ruffin, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and violations of the Religious Land Use and Incarcerated Persons Act ("RLUIPA"). Plaintiff claims Defendants infringed on his right to practice his religion; he seeks monetary damages and injunctive relief.

  The Complaint (Doc. 1) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C.

§ 1915A(b). At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Upon entering IDOC in 2011, Plaintiff declared his religious affiliation as Jewish. (Doc. 1, p. 7). Since his incarceration at Lawrence in December 2016, Plaintiff alleges interference with his ability to practice his Jewish faith. (Doc. 1, p. 7). His complaints against Defendants include denial of certified kosher meals for breakfast,[1] denial of the right to assemble with other Jewish prisoners in conformance with their faith, refusal to provide a Jewish cable channel, and prohibiting him from wearing a religious medallion (Star of David). (Doc. 1, pp. 7-10). He also complains that Jewish prisoners are treated differently than prisoners of other religions. (Doc. 1, pp. 8-9).

Plaintiff complained to Dietary Supervisor, Densmoore, about the lack of certified kosher meals for breakfast. (Doc. 1, p.7). Densmoore told him not to complain and threatened him with losing his job in dietary if he continued to complain. *Id.*

Plaintiff contends that he and other Jewish prisoners are not allowed to assemble three times a year for the Jewish Feasts and are denied weekly Shabbat. Chaplain Vaughn has denied Plaintiff's requests for these religious services. (Doc. 1, p. 8). Plaintiff alleges prisoners of other religions (Muslims, African Hebrew Israelites, and Christians) are allowed weekly service and to assemble to celebrate religious holidays and holy days. *Id.* In particular, African Hebrew Israelites prisoners are allowed to have weekly Shabbat service led by a prisoner and are allowed to assemble on "Yom Kippur" while Jewish prisoners are denied these religious services. *Id.*

---

[1] He is provided certified kosher meals for lunch and dinner.

Plaintiff's requests for a Jewish cable channel have been denied, even though Christian and Muslim cable channels are provided. (Doc. 1, pp. 8-9). Plaintiff directed his requests to Brookhart, but she has failed to respond. *Id*.

Plaintiff is not allowed to wear a religious medallion he received from Jews for Yeshua. (Doc. 1, p. 9). The medallion has the Star of David and the Hebrew word for Remember on it. *Id*. Chaplain Vaughn made the determination that the medallion was not an approved item. *Id*. Plaintiff was told the Star of David medallion is not allowed in IDOC because the six-pointed star is also a gang symbol. *Id*. Plaintiff filed a grievance with Counselor Kittle, which at the time of the filing of the Complaint had not been resolved. (Doc. 1, pp. 9-10). Plaintiff has made requests to Kittle to process the grievance and allow him to wear the medallion. *Id*. Additionally, he has written Brookhart and Kink advising them of this issue and they have taken no action to allow the medallion. *Id.*

In the Complaint, Plaintiff seeks monetary damages and injunctive relief. For injunctive relief should he prevail on his claims, Plaintiff seeks the following: (1) an Order requiring IDOC to serve all Jewish prisoners certified kosher breakfast, make the Jewish cable channel available at Lawrence, offer Jewish prisoners weekly Shabbat service, and allow Jewish prisoners to assemble three times a year for the Feasts as directed from the Torah; (2) an Order prohibiting Kittle from handling or processing his grievances; and (3) if these requests cannot be accommodated at Lawrence, Plaintiffs seeks an Order transferring him to another medium prison where he can be accommodated. (Doc. 1, p. 10). Plaintiff also seeks a preliminary injunction directing prison officials to serve him certified kosher breakfasts and to allow him to wear the Star of David medallion. *Id*.

**Preliminary Dismissals**

As an initial matter, Plaintiff cannot maintain his suit against IDOC because it is a state

government agency and is not a person subject to suit under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Likewise, Lawrence, a division of IDOC, is not a person subject to suit under Section 1983. For these reasons, Lawrence and IDOC are dismissed with prejudice.

Plaintiff also lists John Baldwin, Director of IDOC, as a defendant but makes no allegations against him in the body of the Complaint. There is no suggestion that Baldwin was personally responsible for violating Plaintiff's constitutional rights. Accordingly, any individual capacity claims Plaintiff intended to bring against Baldwin are dismissed without prejudice. Baldwin is an appropriate official capacity defendant, however, with respect to Plaintiff's request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, Baldwin shall remain on the docket as an official capacity defendant.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. **Any claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

    **Count 1:**    Defendants violated Plaintiff's rights under the First Amendment to freely exercise his religious beliefs by denying certified kosher meals for breakfast, denying assembly for religious services, and precluding Plaintiff from wearing his religious medallion.

    **Count 2:**    Defendants violated Plaintiff's rights under RLUIPA by denying certified kosher meals for breakfast, denying assembly for religious

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

services, and precluding Plaintiff from wearing his religious medallion.

**Count 3:** Defendants violated Plaintiff's Fourteenth Amendment procedural due process rights by denying his grievances and requests for religious services and by failing to resolve a grievance.

**Count 4:** Defendants violated Plaintiff's Fourteenth Amendment right to equal protection by treating Plaintiff and other Jewish prisoners different than prisoners of other religions regarding the availability of religious services.

### Count 1 – First Amendment/Free Exercise

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). To state a claim under the Free Exercise Clause of the First Amendment, a plaintiff must allege facts to plausibly suggest that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005).

The First Amendment free exercise claim in Count 1 survives preliminary review against Vaughn based on his alleged involvement in denying Plaintiff the right to attend religious services and prohibiting Plaintiff from wearing a religious medallion. It also survives against Densmoore based on his alleged involvement in denying Plaintiff certified kosher meals for breakfast. Further, given the early stage of the litigation, Count 1 will proceed against Brookhart and Kink to allow for further development of the record. Count 1 shall be dismissed without prejudice, however, as to Kittle, the grievance officer who allegedly mishandled one of Plaintiff's grievances. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

## Count 2 –RLUIPA

Inmates are afforded broader religious protections under RLUIPA. *See Schlemm v. Wall*, 784 F.3d 362, 363 (7th Cir. 2015); 42 U.S.C.A. § 2000cc-1. Unlike cases arising under the Free Exercise Clause of the First Amendment, RLUIPA applies even where the burden on the prisoner "results from a rule of general applicability." *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008). "Under the Act, if an inmate shows that an institutional policy substantially burdens his religious exercise, then that policy may not be applied unless the institution shows that the policy is the least restrictive means for advancing a compelling state interest." *Tanksley v. Litscher*, No. 17-2867, 2018 WL 2316923, at *1 (7th Cir. May 22, 2018) (citing 42 U.S.C.A. § 2000cc-1; *Holt v. Hobbs*, 135 S. Ct. 853, 863 (2015)).

Although Plaintiff has generally stated a colorable RLUIPA claim, RLUIPA does not authorize a suit for money damages against defendants in their individual capacities. *Grayson v. Schuler,* 666 F.3d 450, 451 (7th Cir. 2012); *Maddox v. Love,* 655 F.3d 709, 717 (7th Cir. 2011). Therefore, the RLUIPA claim in Count 2 against the Defendants in their individual capacities shall be dismissed with prejudice. But a court may order injunctive relief to correct a violation of RLUIPA, 42 U.S.C.A. § 2000cc-2, and thus the official capacity RLUIPA claim in Count 2 shall proceed against Warden Kink and Director Baldwin in their official capacities. *See Gonzalez*, 663 F.3d at 315 (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### Count 3- Fourteenth Amendment Due Process

The Fourteenth Amendment's Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests," such as religious freedom. *See Washington v. Glucksberg,* 521 U.S. 702, 720 (1997). In this situation, however, any substantive due process claims stemming from being denied religious services is rooted in the Free Exercise Clause of the First Amendment and would be duplicative of that claim. Thus, the substantive due process claims set forth in Count 3 will be dismissed without prejudice. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels").

Additionally, Plaintiff alleges a procedural due process claim premised upon the denial of his grievances and requests for religious services and the failure to resolve a grievance. Standing alone, the mishandling of an inmate's grievances does not give rise to an independent Fourteenth Amendment due process claim. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). Therefore, the procedural due process claims set forth in Count 3 will be dismissed with prejudice.

### Count 4- Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment offers a basis for a distinct claim. The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). All prisoners do not have to receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). As a general matter, a "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally

discriminated against him.'" *Merriweather v. Faulkner*, 821 F.2d 408, 415 n. 7 (7th Cir. 1987). Meaning that a particular group was singled out for disparate treatment. *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996).

Here, Plaintiff has stated a colorable Equal Protection claim regarding how, among the faiths represented at the prison, only the Jewish prisoners are denied assembly for religious services such as the Jewish Feasts and weekly Shabbat service. Unlike the denial of the Jewish religious services, prisoners of other religions, Muslims, African Hebrew Israelites, and Christians, are allowed weekly service and are allowed to assemble to celebrate religious holidays and holy days. African Hebrew Israelites are allowed to have weekly Shabbat service. This disparate treatment of Jewish prisoners appears to be discriminatory. Thus, count 4 shall proceed against Vaughn, Brookhart, and Kink. There is no indication, however, that Densmoore or Kittle were personally involved in discriminating against Plaintiff. Accordingly, Count 4 will be dismissed without prejudice as to Densmoore and Kittle.

**Request for Preliminary Injunction**

In his request for relief, Plaintiff seeks a preliminary injunction directing officials to allow him to wear his religious medallion (Star of David) and provide certified kosher meals for breakfast. Prohibiting a prisoner from wearing a religious medallion may constitute a substantial burden on the prisoner's religious exercise and may entitle Plaintiff to preliminary injunctive relief. *Knowles v. Pfister*, 829 F.3d. 516 (7th Cir. 2016) (prohibiting prisoner from wearing religious medallion violated RLUIPA and entitled him to preliminary injunctive relief).

In light of this request, the Clerk of Court is **DIRECTED** to **ADD** a Motion for Preliminary Injunction as a docket entry in the Case Management/Electronic Case Filing ("CM/ECF") system. Plaintiff did not file a separate motion in support of the request, however, and he did not set forth

the reasons he is entitled to this relief under Rule 65(a) of the Federal Rules of Civil Procedure. If Plaintiff wishes to pursue the Motion, he must file a brief in support of the motion for preliminary injunction as ordered below.

With respect to Plaintiff's requests for injunctive relief, Baldwin and Kink are appropriate official capacity defendants. *See Gonzalez*, 663 F.3d at 315.

## Disposition

The Clerk of Court is **DIRECTED** to add "Motion for Preliminary Injunction" as a docket entry in CM/ECF. If Plaintiff wishes to pursue the Motion, he must file a brief in support on or before **February 25, 2019**. Failure to do so by this deadline will result in denial of the motion/request for preliminary injunction without prejudice.

**IT IS HEREBY ORDERED** that the claims directed against **LAWRENCE CORRECTIONAL CENTER** and **ILLINOIS DEPARTMENT OF CORRECTIONS** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the claims directed against **BALDWIN** in his individual capacity are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** shall proceed against Defendants **DENSMOORE, VAUGHN, BROOKHART**, and **KINK**. **COUNT 1** is **DISMISSED** without prejudice as to Defendant **KITTLE**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall proceed against Defendants **BALDWIN** and **KINK** in their official capacities.

**IT IS FURTHER ORDERED** that the substantive due process claims in **COUNT 3** are **DISMISSED** without prejudice as duplicative, and the procedural due process claims in **COUNT 3** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 4** shall proceed against Defendants **VAUGHN, BROOKHART,** and **KINK**. **COUNT 4** is **DISMISSED** without prejudice as to Defendants **KITTLE** and **DENSMOORE**.

The Clerk of Court is **DIRECTED** to terminate **KITTLE**, **LAWRENCE CORRECTIONAL CENTER**, and **ILLINOIS DEPARTMENT OF CORRECTIONS** as Defendants in CM/ECF.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants: **BALDWIN** (official capacity only), **DENSMOORE, VAUGHN, BROOKHART**, and **KINK** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's Motion for Preliminary Injunction. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 23, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**